**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREW KUNISKAS, | |
| Plaintiffs, | NO. 3:09-CV-0120 |
| v. | (JUDGE CAPUTO) |
| JOSEPH WALSH, et al., | |
| Defendants. | |

**MEMORANDUM ORDER**

Plaintiff Andrew Kuniskas commenced this action by filing a complaint under the provisions of 42 U.S.C. § 1983 on January 20, 2009. (Doc. 1.) On July 1, 2009, Defendant Demetrius Fannick filed a motion to dismiss. (Doc. 10.) A supporting brief was filed on July 1, 2009. (Doc. 11.) Plaintiffs did not file an opposition to Defendants' motion to dismiss, nor did they request an extension of time in which to do so.

Local Rule 7.6 requires that "[a]ny party opposing any motion shall file a responsive brief, together with any opposing affidavits, deposition transcripts or other documents, within fifteen (15) days after services of the movant's brief . . . . Any respondent who fails to comply with this rule shall be deemed not to oppose such motion."

By Order dated August 21, 2009 (Doc. 18), this Court directed Plaintiff to file a brief in opposition to Defendants' motion to dismiss (Doc. 10) within fifteen (15) days of the date of the Order. The Order forewarned Plaintiff that if they failed to file a brief within the required time period, the Court would deem the motion unopposed and grant it without a merits analysis. The Order also forewarned that the Court may consider

dismissing the case under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with a court order. Although the deadline for filing an opposing brief has passed, Plaintiff has neither filed a brief in opposition, nor have they requested an extension of time in which to do so.

In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991), the United States Court of Appeals for the Third Circuit held that a motion to dismiss should not simply be granted because it is unopposed. Because the Local Rules of Court must be "construed and applied in a manner consistent with the Federal Rules of Civil Procedure," *Anchorage Assoc. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 174 (3d Cir. 1990), the disposition of an unopposed motion ordinarily requires a merits analysis. However, the Third Circuit Court of Appeals did not preclude dismissal based upon an unopposed motion after adequate warning. "We do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to dismissal without a merits analysis. There may be some cases where the failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked. Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked." *Stackhouse*, 951 F.2d at 30; *see also Hollister v. United States Postal Service*, 142 F. App'x 576, 577 (3d Cir. 2005) (affirming the district court's treatment of defendant's motion to dismiss as unopposed based on plaintiff's failure to comply with Local Rule 7.6).

Plaintiff's complaint indicates that they are represented by an attorney. (Doc. 1.) Moreover, Plaintiff was advised of the requirements of Local Rule 7.6 by the August 21,

2009 Order and directed to respond to Defendants' motion to dismiss. (Doc. 18.) Plaintiff was notified that if they failed to oppose the motion or otherwise communicate with the Court within fifteen (15) days of the date of the Order, the Court would consider the motion to dismiss unopposed. Consequently, the Court will grant Defendant Fannick's motion to dismiss without a merits analysis. *See* M.D. Pa. Local Rule 7.6; *Stackhouse*, 951 F.2d at 30.

    **NOW,** this 16th day of September, 2009, **IT IS HEREBY ORDERED THAT** Defendants Fannick's motion to dismiss is **GRANTED**.


                                          /s/ A. Richard Caputo
                                          A. Richard Caputo
                                          United States District Judge