# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW KUNISKAS, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-cv-120 |
| v. | |
| JOSEPH WALSH, GEORGE SKUMANICK, DEMETRIUS FANNICK, JOHN DOE 1, and JOHN DOE 2, | (JUDGE CAPUTO) |
| Defendants. | |

## MEMORANDUM ORDER

Presently before the Court are two motions by Plaintiff Andrew Kuniskas. First, a motion for reconsideration (Doc. 29) of this Court's orders (Docs. 23-24) granting Defendant Skumanick's Motion to for Judgment on the Pleadings (Doc. 12) and Defendant Fannick's Motion to Dismiss (Doc. 10). Both motions were granted because the Plaintiff failed to file a brief in opposition, and then failed to comply with this Court's specific orders. (Docs. 18-19.) Second, a motion for extension of time to file a brief. (Doc. 27.) While the Plaintiff's fails to articulate what motion or motions he seeks additional time to respond to, presumably the request is with respect to the motions by Defendants Skumanick (Doc. 12), Fannick (Doc. 10).

The Third Circuit Court of Appeals has applied the six-part test enunciated in *Poulis v. State Farm & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984) when reviewing an order which deprives a party of the right to proceed with or defend a claim without merits analysis. The six factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868.

As to the first factor, any failure to comply with this Court's orders was the fault of Plaintiff's counsel, rather than the Plaintiff himself. This leans in favor of not dismissing the claims without a merits analysis. *Id.* at 868 (considering the plaintiffs' lack of responsibility for their counsel's dilatory conduct). The second factor, prejudice to the opposing parties, leans in favor of dismissal of the action. While the prejudice is not severe, the repeated failures by Plaintiff to respond to dispositive motions by the Defendants does create some prejudice. *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008) (prejudice includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy"). The third factor also leans in favor of granting the dispositive motions, as here there is a repeated history of conduct. The Plaintiff has failed to respond to two of the three Defendants' motions (Docs. 10, 12) as well as two orders by this Court (Docs. 23-24). The fourth factor leans against granting the dispositive motions, as the conduct here was apparently grossly negligent, but not willful by Plaintiff's counsel. The fifth factor also leans against granting the motions, because for a party represented by counsel, other sanctions are available. For example, an effective sanction might be levied against Plaintiff's counsel, without the harsh consequence of dismissing Plaintiff's action. The sixth factor, the meritoriousness of the claim or defense, is neutral at this stage of the proceedings. Plaintiff

may have meritorious claims, but as they have not yet been reviewed on the merits by this Court, I have no basis for holding that they do not have merit.

In balancing the *Poulis* factors, there is no "magic formula" or "mechanical calculation" to determine how they are considered. *Briscoe*, 538 F.3d at 263. Instead, it is within the District Court's discretion to balance these factors. *Id.* Factors one, four, and five lean towards permitting a merits analysis. Factors two and three are in favor of granting the dispositive motions without a merits analysis. The sixth factor does not lean either way. In light of the harsh sanction imposed by dismissal without a merits analysis, and the availability of alternative sanctions if the dilatory conduct of Plaintiff's counsel continues, I find that permitting a merits analysis is appropriate. Because I find this Court's Orders granting Defendants' motions without a merits analysis were in error, I will grant the Plaintiff's motions.

**NOW**, this __13th__ day of November, 2009, **IT IS HEREBY ORDERED** that:

1. This Court's Orders granting Defendant Skumanick's Motion for Judgment on the Pleadings (Doc. 24) and Defendant Fannick's Motion to Dismiss (Doc. 23) are **VACATED**.

2. Plaintiff's Motion for Reconsideration (Doc. 29) and Motion for an Extension of Time (Doc. 27) are **GRANTED**.

3. Plaintiff has **fifteen (15) days** from the date of this order to file a brief or briefs in opposition to the following motions:

    a. Defendant Skumanick's Motion for Judgment on the Pleadings (Doc. 12)
    b. Defendant Fannick's Motion to Dismiss (Doc. 10)

          /s/ A. Richard Caputo
          A. Richard Caputo
          United States District Judge