# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW KUNISKAS, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-CV-120 |
| v. | (JUDGE CAPUTO) |
| JOSEPH WALSH; GEORGE SKUMANICK; DEMETRIUS FANNICK; JOHN DOE 1; JOHN DOE 2; and JOHN DOE 3, | |
| Defendants. | |

## **MEMORANDUM**

Presently before this Court are three motions, one by each named Defendant, requesting that Plaintiff's Complaint (Doc. 1) be dismissed: a Motion to Dismiss by Demetrius Fannick (Doc. 10); a Motion for Judgment on the Pleadings by George Skumanick (Doc. 12);[1] and a Motion to Dismiss by Joseph Walsh (Doc. 17.) Plaintiff's Complaint will be dismissed for the reasons discussed below. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 ("federal question jurisdiction"), and over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 ("supplemental jurisdiction").

## **BACKGROUND**

The facts alleged in Plaintiff's Complaint are as follows:

The Plaintiff in this action is Andrew Kuniskas ("Plaintiff"). (Compl. ¶ 1, Doc. 1.)

---

[1] While Defendant Skumanick's motion is titled a motion for judgment on the pleadings, the relief requested is for Plaintiff's Complaint to be dismissed, rather than for judgment to be entered in his favor. The Court will therefore consider the arguments under the standard of a FED. R. CIV. P. 12(b)(6) motion to dismiss.

Defendant Joseph Walsh ("Walsh") was at all relevant times a Corporal with the Pennsylvania State Police. (Compl. ¶ 2.) Defendant George Skumanick ("Skumanick") was at all relevant times the District Attorney for Wyoming County, Pennsylvania. (Compl. ¶ 3.) Skumanick was the lead prosecutor in the relevant criminal case against Plaintiff. (Compl. ¶ 15.) Defendant Demetrius Fannick ("Fannick") was at all relevant times a criminal defense attorney representing Plaintiff in the relevant criminal proceedings. (Compl. ¶ 4.) The three unnamed "John Doe" defendants served either as officers of the Pennsylvania State Police or as employees of Wyoming County during the time period relevant to this case. (Compl. ¶¶ 5-7.)

On or around May 21, 2006, Plaintiff was operating his four wheel all-terrain vehicle on the roads of the Commonwealth of Pennsylvania. (Compl. ¶ 11.) Defendant Walsh, operating a Pennsylvania State Police patrol car, pursued Plaintiff for suspected traffic violations. (Compl. ¶ 11.) During that pursuit, Plaintiff was "run over" by Walsh. (Compl. ¶ 11.) Plaintiff sustained severe personal injuries as a result. (Compl. ¶ 12.) Plaintiff was charged with a "bevy of offenses" as a result of this incident. (Compl. ¶ 15.) Plaintiff pled guilty to some of the charges against him. (Compl. ¶ 21.) A video recorder installed in Walsh's vehicle recorded the entire pursuit. (Compl. ¶ 14.)

The video tape was turned over to prosecutors. (Compl. ¶ 14.) Plaintiff repeatedly requested Fannick to secure the video recording, but was told that no recordings existed. (Compl. ¶ 20.) The video tape was destroyed within days after Plaintiff was sentenced. (Compl. ¶ 22.) Plaintiff learned of the existence and destruction of the video tape in or around July 2008. (Compl. ¶ 22.) The Defendants conspired to conceal the existence of the video tape of the May 21, 2006, incident in order to defeat Plaintiff's civil and criminal cases.

(Compl. ¶ 23.)  This was done in retaliation for Plaintiff's expressed intent to bring Walsh to justice.  (Compl. ¶ 23.)

On January 20, 2009, Plaintiff filed the present action in the United States District Court for the Middle District of Pennsylvania.  (Doc. 1.)  On July 1, 2009, Defendant Fannick filed a motion to dismiss.  (Doc. 10.)  On July 6, 2009, Defendant Skumanick filed a motion for judgment on the pleadings.  (Doc. 12.)  On August 18, 2009, Defendant Walsh also filed a motion to dismiss.  (Doc. 17.)  After a period of delay caused by Plaintiff's failure to file briefs in opposition, all parties have fully briefed these motions and they are now ripe for disposition.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred).  In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555).

3

"[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

**I. Right of Access to Courts (Count I)**

    A. Criminal Proceedings

Plaintiff's first § 1983 claim at Count I seeks monetary damages for his conviction as a result of the failure to produce the video tape. In *Heck v. Humphrey*, the Supreme Court "held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). When considering this "favorable-termination" requirement, the Supreme Court has stated that this requirement is similar to the "favorable-termination" requirement in malicious prosecution tort cases. *Heck*, 512 U.S. at 484 (malicious prosecution as the "closest analogy" to this element). If the claim would necessarily imply the invalidity of the criminal conviction, then a district court must dismiss the claim unless the plaintiff can demonstrate that the conviction ended in a favorable-termination. *Heck*, 512 U.S. at 487.

A plaintiff may attempt to indicate favorable termination by demonstrating that his prior criminal proceeding terminated in one of the following ways: "(a) a discharge by a magistrate at a preliminary hearing, or (b) the refusal of a grand jury to indict, or (c) the formal abandonment of the proceedings by the public prosecutor, or (d) the quashing of an indictment or information, or (e) an acquittal, or (f) a final order in favor of the accused by a trial or appellate court." *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009) (internal quotation marks omitted). Plaintiff does not allege that a favorable termination occurred, and

in fact requests this Court release him from his continuing confinement for those charges. (Compl. ¶ 29.) Plaintiff instead argues that *Heck* only bars claims seeking monetary damages relating to confinement. (Plaintiff's Brief in Opp'n at 5, Doc. 35.) Plaintiff's argument is erroneous; *Heck* bars any attempt to "imply the invalidity" of his conviction. *Edwards*, 520 U.S. at 664. Clearly an award of damages based upon an erroneous conviction, as suggested by Plaintiff's claim, would imply that the conviction itself was invalid. Because Plaintiff does not allege that his conviction ended in a favorable termination, this Court lacks subject matter jurisdiction and the claims relating to his criminal conviction will be dismissed.

B. Civil Action

Plaintiff next argues that the Defendants, conspiring collectively, deprived him of his right of access to the courts in his civil litigation by destroying the video tape. "Cover-ups that prevent a person who has been wronged from vindicating his rights violate the right of access to the courts protected by the substantive due process clause." *Estate of Smith v. Marasco*, 318 F.3d 497, 511 (3d Cir. 2003).[2] A violation of the right of access can occur where government officials destroy evidence. *Zilich v. Lucht*, 981 F.3d 694, 695 (3d Cir. 1992). To sufficiently allege such a claim, a plaintiff must identify a non-frivolous underlying civil claim to illustrate an injury. *Christopher v. Harbury*, 536 U.S. 403, 405-06 (2002).

---

[2] Plaintiff's Complaint identifies the right of access claims arise from his "First rights [sic]." (Compl. ¶ 25.) The Supreme Court has noted that such claims have been considered by different courts under numerous constitutional amendments. *Christopher v. Harbury*, 536 U.S. 403, 415 n. 12 (2002). In the Third Circuit, courts have considered these claims under the substantive due process clause. *Estate of Smith*, 318 F.3d at 511.

6

Plaintiff alleges that the underlying cause of action which was harmed was his suit against Defendant Walsh and the Pennsylvania State Police for his injuries when he was "run over" by Walsh during the pursuit. (Compl. ¶ 26.) This underlying claim is clearly frivolous. As noted in the dismissal of his state civil case, under Pennsylvania law a police officer owes no duty of care to a fleeing driver. *Frazier v. Comm. of Pennsylvania*, 845 A.2d 253, 255 (Pa. Commw. Ct. 2004). Even assuming that the Defendants conspired to destroy the video tape of the pursuit, Plaintiff cannot illustrate an injury resulted to his civil case from such a conspiracy. His underlying suit was clearly barred as a matter of law. Because Plaintiff's Complaint fails to state a claim for a violation of his right of access to the courts, Defendants motions will be granted.

    C. "John Doe" Defendants

Plaintiff's Complaint also fails to allege sufficient facts against the "John Doe" defendants. Plaintiff alleges only that they participated in the investigation of the May 21, 2006 incident. (Compl. ¶ 19.) Plaintiff does not allege that they knew of the video tape or were otherwise part of the conspiracy to destroy it. (Compl. ¶ 19.) Regardless, any attempt to hold these unnamed individuals liable for the alleged conspiracy to destroy the video tape would fail for the same reasons discussed above. Count I will also be dismissed as to the unnamed "John Doe" defendants.

**II. Habeas Corpus (Count II)**

Plaintiff specifically requests at Count II a writ of habeas corpus be granted based upon the same factual allegations as the § 1983 claims at Count I. (Compl. ¶¶ 28-29.) A plaintiff may bring claims under § 1983 and a request for a writ of habeas corpus together in one litigation. *See e.g., Harper v. Jeffries*, 808 F.2d 281, 283 (3d Cir. 1986) (discussing

application habeas exhaustion requirement to related § 1983 claims). Plaintiff's Complaint, however, fails to comply with numerous requirements for a petition requesting a writ of habeas corpus. *Rules Governing § 2254 Cases In the United States District Courts* (adopted for this district in Middle District of Pennsylvania Local Rule 83.32.1). As an example, the Complaint fails to name the state actor who has custody of Plaintiff. *Id.* Rule 2(a). Furthermore, Plaintiff fails to comply the with Local Rule requirement that "[w]hen the petition or motion is filed by counsel . . . [it] shall contain the same categories of information and shall address the same matters as provided for by the standard form." LR 83.32.1. Because Count II fails to comply with the requirements for a petition requesting a writ of habeas corpus, it will be dismissed.

**III. Negligent Representation (Count III)**

At Count III Plaintiff brings a state-law claim relating to Defendant Fannick's representation of Plaintiff during the criminal proceedings. To have supplemental jurisdiction over this claim under 28 U.S.C. § 1367, the state-law claim must be "so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). While the claim at Count III likely relates to the case or controversy at Count I, it is questionable whether it is sufficiently similar to the petition for a writ of habeas corpus at Count II. Regardless, I need not decide this issue because the claims over which this Court has original jurisdiction will be dismissed. I decline to exercise supplemental jurisdiction over the claims at Count III. *Id.* § 1367(c)(3). Plaintiff's claim at Count III will be dismissed without prejudice to its being filed in an appropriate state court.

**IV. Leave to Amend**

Plaintiff has also requested leave to amend his complaint should this Court find that his complaint fails to state a claim. (Plaintiff's Br. in Opp'n at 7, Doc. 35) Under Federal Rule of Civil Procedure 15(a), "a party may amend the party's pleadings . . . by leave of court . . . and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). It is within the sound discretion of the trial court to determine whether a party shall have leave to amend pleadings. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir. 1981). However, "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182. "In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz*, 1 F.3d at 1414 (citing *Heyl*, 663 F.2d at 425).

The only pertinent issue here is whether any amendments to the Complaint would be "futile." An amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1434 (3d Cir. 1997) (citing *Glassman v. Computervision Corp*., 90 F.3d 617, 623 (1st Cir. 1996)). In making this assessment, the Court must use the same standard of legal sufficiency employed under Federal Rule of Civil Procedure 12(b)(6). *Id.* In other words, "[a]mendment of the complaint is futile if the amendment will not cure the deficiency in the

9

original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).

With respect to Count I, these facts cannot establish a cause of action for the violation of Plaintiff's right of access to the courts. Plaintiff's § 1983 claims relating to the criminal proceedings will continue to be barred by *Heck v. Humphrey* issues unless and until the conviction is overturned; any amendment to those claims will be futile. As to the Plaintiff's claims relating to his civil case, there must be a non-frivolous underlying claim to establish an injury. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Plaintiff's purported cause of action for being injured during the police pursuit is clearly frivolous because as a matter of law there is no duty of care to a fleeing driver during pursuit. *Frazier v. Commw. of Pennsylvania*, 845 A.2d 253, 255 (Pa. Commw. Ct. 2004). Any amendment will be futile unless Plaintiff can articulate a non-frivolous underlying claim. With these considerations in mind, Plaintiff will be given twenty-one (21) days in which to file a motion to amend before this case will be marked as closed.

## CONCLUSION

For the reasons stated above, Plaintiff's Complaint will be dismissed. In light of the above discussion, I need not address the remaining grounds for relief requested by the Defendants.

An appropriate order will follow.

| | |
|---|---|
| January 19, 2010 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW KUNISKAS, | |
|    Plaintiff, | CIVIL ACTION NO. 3:09-CV-120 |
| v. | (JUDGE CAPUTO) |
| JOSEPH WALSH; GEORGE SKUMANICK; DEMETRIUS FANNICK; JOHN DOE 1; JOHN DOE 2; and JOHN DOE 3, | |
|    Defendants. | |

## ORDER

**NOW**, this ___19th___ day of January, 2010, **IT IS HEREBY ORDERED** that:

(1) Defendant Demetirus Fannick's Motion to Dismiss (Doc. 10), Defendant George Skumanick's Motion for Judgment on the Pleadings (Doc. 12), and Defendant Joseph Walsh's Motion to Dismiss (Doc. 17) are **GRANTED**.

(2) Plaintiff's Complaint (Doc. 1) is **DISMISSED**.

(3) Plaintiff has **twenty-one (21) days** from the date of this Order to file a motion to amend before this case will be marked as closed.


                                                /s/ A. Richard Caputo  
                                                A. Richard Caputo  
                                                United States District Judge