# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW KUNISKAS, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-CV-120 |
| v. | (JUDGE CAPUTO) |
| JOSEPH WALSH; GEORGE SKUMANICK; DEMETRIUS FANNICK; JOHN DOE 1; JOHN DOE 2; and JOHN DOE 3, | |
| Defendants. | |

## MEMORANDUM

Presently before this Court is Plaintiff Andrew Kuniskas's Motion to File an Amended Complaint. (Doc. 38.) Because some of Plaintiff's proposed amendments would not be futile, the motion will be granted in part and denied in part. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 ("federal question jurisdiction"), and over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 ("supplemental jurisdiction").

## BACKGROUND

The facts alleged in Plaintiff's Complaint are as follows:

The Plaintiff in this action is Andrew Kuniskas ("Plaintiff"). (Amend. Compl.¶ 1, Doc. 38, Ex. 2.) Defendant Joseph Walsh ("Walsh") was at all relevant times a Corporal with the Pennsylvania State Police. (Amend. Compl.¶ 2.) Defendant George Skumanick ("Skumanick") was at all relevant times the District Attorney for Wyoming County, Pennsylvania. (Amend. Compl.¶ 3.) Skumanick was the lead prosecutor in the relevant criminal case against Plaintiff. (Amend. Compl.¶ 18.) Defendant Demetrius Fannick

("Fannick") was at all relevant times a criminal defense attorney representing Plaintiff in the relevant criminal proceedings. (Amend. Compl.¶ 4.) Defendant Jamie Anzalone ("Anzalone") was at all relevant times an attorney retained by Plaintiff to represent him in a civil case arising out of these events. (Amend. Compl. ¶ 5.) Defendant Tom Kerrigan ("Kerrigan") was at all relevant times a paralegal or investigator for Anzalone. (Amend. Compl. ¶ 6.) The unnamed "John Doe" defendants served either as officers of the Pennsylvania State Police or as employees of Wyoming County during the time period relevant to this case. (Amend. Compl.¶¶ 7-8.) Defendant County of Wyoming is a political subdivision of the Commonwealth of Pennsylvania. (Amend. Compl. ¶ 9.)

On or around May 21, 2006, Plaintiff was operating his four wheel all-terrain vehicle on the roads of the Commonwealth of Pennsylvania. (Amend. Compl.¶ 13.) Defendant Walsh, operating a Pennsylvania State Police patrol car, pursued Plaintiff for suspected traffic violations. (Amend. Compl.¶ 13.) During that pursuit, Plaintiff was "run over" by Walsh, sustaining personal injuries as a result. (Amend. Compl.¶¶ 13-14.) A video recorder installed in Walsh's vehicle recorded the entire pursuit. (Amend. Compl.¶ 17.) The video tape was turned over to prosecutors. (Amend. Compl.¶ 17.) Plaintiff was charged with a "bevy of offenses" as a result of this incident. (Amend. Compl.¶ 18.) Plaintiff pled guilty to some of the charges against him. (Amend. Compl.¶ 25.) Plaintiff served a term of imprisonment for these offenses, and has since been released. (Amend. Compl. ¶ 32.)

The video recording "would have conclusively shown that Defendant Walsh had committed an illegal pit maneuver and had effectively committed a criminal assault on Plaintiff." (Amend. Compl. ¶ 17.) Plaintiff repeatedly requested Fannick to secure the video recording, but was told that no recordings existed. (Amend. Compl.¶ 24.) Defendants

2

Anzalone and Kerrigan should have been aware that the videotape was available and could have been secured. (Amend. Compl. ¶ 23.) The video tape was destroyed within days after Plaintiff was sentenced. (Amend. Compl.¶ 26.)  The John Doe Defendants and Skumanick were also involved in the concealment and destruction of the videotape. (Amend. Compl. ¶¶ 20, 29.) All Defendants were aware of Plaintiff's intention to seek civil remedies as a result of this incident. (Amend. Compl. ¶ 16.) The Defendants conspired to conceal the existence of the video tape of the May 21, 2006, incident in order to defeat Plaintiff's civil and criminal cases. (Amend. Compl.¶ 23.)

On January 20, 2009, Plaintiff filed the present action in the United States District Court for the Middle District of Pennsylvania. (Doc. 1.) On January 19, 2010, this Court granted the Defendants' motions to dismiss Plaintiff's Complaint. (Doc. 37.) Plaintiff filed the present Motion to File an Amended Complaint on February 9, 2010. (Doc. 38.) Defendants Skumanick and Fannick have filed briefs in opposition (Docs. 39, 41) and this motion is now ripe for disposition.

## LEGAL STANDARD

I. **Motion to Amend Pleadings**

Under Federal Rule of Civil Procedure 15(a), "a party may amend the party's pleadings . . . by leave of court . . . and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). It is within the sound discretion of the trial court to determine whether a party shall have leave to amend pleadings out of time. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir. 1981). However, "[i]n the absence of any apparent or declared reason -- such as undue

3

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.

In the Third Circuit, the touchstone for the denial of leave to amend is undue prejudice to the non-moving party. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993); *Cornell & Co., Inc. v. OSHRC*, 573 F.2d 820, 823 (1978). "In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz*, 1 F.3d at 1414 (citing *Heyl*, 663 F.2d at 425).

The only pertinent issue here is whether Plaintiff's proposed amendments to their Complaint are "futile." An amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). In making this assessment, the Court must use the same standard of legal sufficiency employed under Federal Rule of Civil Procedure 12(b)(6). *Id.* In other words, "[a]mendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).

## II. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Dismissal is appropriate only if, accepting as true all the facts alleged in the

4

complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can

provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

In addition to adding Defendants Anzalone and Kerrigan, Plaintiff's proposed amended complaint supplements the factual allegations of his original complaint. At Count I, Plaintiff continues to allege a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights under the Fourteenth Amendment by the Defendants interference with his access to the courts. At Count II, Plaintiff again requests this court issue a writ of habeas corpus vacating his criminal conviction. At Count III, Plaintiff alleges that Defendant Fannick committed malpractice during his representation of Plaintiff in his criminal case. At Count IV, Plaintiff alleges that Defendant Anzalone committed malpractice during Plaintiff's intended civil case. Defendants Skumanick and Fannick argue that the amendments are futile because the allegations suffer from the same defects as the original complaint and continue to fail to state a claim. I will consider the allegations relevant to each count.

## I. Right of Access to Courts (Count I)

### A. Interference with the Criminal Action

Plaintiff's first § 1983 claim at Count I still seeks damages for his criminal conviction as a result of the failure to produce the video tape. In *Heck v. Humphrey*, the Supreme Court "held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). This claim was dismissed from Plaintiff's original complaint for failure to allege a favorable termination. The only additional allegation is that Plaintiff's criminal sentence has expired and that he is unable to seek favorable termination. (Amend. Compl. ¶ 32.) However, *Heck* bars claims under § 1983 even where habeas relief is no longer available because the individual is no longer in custody. *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (citing *Gilles v. Davis*, 427 F.3d 197, 210 (3d Cir. 2005)). Because Plaintiff's allegations seeking damages from his criminal case are barred by *Heck*, the proposed amendments are futile. Plaintiff's motion will be denied as to these claims.

### B. Interference with the Civil Action

Plaintiff next argues that the Defendants, conspiring collectively, deprived him of his right of access to the courts in his civil litigation by destroying the video tape. "Cover-ups that prevent a person who has been wronged from vindicating his rights violate the right of access to the courts protected by the substantive due process clause." *Estate of Smith v.*

*Marasco*, 318 F.3d 497, 511 (3d Cir. 2003).[1]  A violation of the right of access can occur where government officials destroy evidence.  *Zilich v. Lucht*, 981 F.3d 694, 695 (3d Cir. 1992).  To sufficiently allege such a claim, a plaintiff must identify a non-frivolous underlying civil claim to illustrate an injury.  *Christopher v. Harbury*, 536 U.S. 403, 405-06 (2002).  Plaintiff's original complaint was dismissed because it alleged only that his underlying negligence cause of action against Defendant Walsh was harmed. Despite Plaintiff's re-argument of this point, under Pennsylvania law a police officer owes no duty of care to a fleeing driver.  *Frazier v. Comm. of Pennsylvania*, 845 A.2d 253, 255 (Pa. Commw. Ct. 2004).  Plaintiff cites no law, and I find none, that a different standard of care should be used when pursuing a driver operating an all-terrain vehicle.

Plaintiff's allegations also state that the destruction of the video tape prevented Plaintiff from bringing a cause of action for excessive force.[2]  (Amend. Compl. ¶ 27.)  This claim, unlike the negligence claim, satisfies the requirements for a claim of interference with access to the courts.  And while claims directly challenging the criminal conviction are barred by *Heck*, challenging the use of force in effecting the *arrest* would not undermine the criminal conviction.  Because the proposed amendments correct the original complaint's failure to allege a non-frivolous underlying cause of action, Plaintiff's amendments are not futile.  Plaintiff's motion will be granted with respect to this claim.

---

[1] Plaintiff's Complaint identifies the right of access claims arise from his First and Fourteenth Amendment rights.  In the Third Circuit, courts have considered these claims under the Substantive Due Process Clause.  *Estate of Smith*, 318 F.3d at 511.

[2] Plaintiff argues that an inference of spoliation is appropriate when considering his claim of excessive force.  Plaintiff's Amended Complaint, however, makes no claim for excessive force. Plaintiff only claims a cause of action for Defendants' interference with his ability to make such a claim.

8

**II.     Habeas Corpus (Count II)**

As in his original complaint, Plaintiff requests at Count II a writ of habeas corpus be granted based upon the same factual allegations as the § 1983 claims at Count I. (Amend. Compl.¶¶ 28-29.) As stated in this Court's prior memorandum, a plaintiff may bring claims under § 1983 and a request for a writ of habeas corpus together in one litigation. *See e.g.*, *Harper v. Jeffries*, 808 F.2d 281, 283 (3d Cir. 1986) (discussing application habeas exhaustion requirement to related § 1983 claims). Plaintiff's Complaint, however, still fails to comply with numerous requirements for a petition requesting a writ of habeas corpus. *Rules Governing § 2254 Cases In the United States District Courts* (adopted for this district in Middle District of Pennsylvania Local Rule 83.32.1). Regardless, Plaintiff's new allegation that he has been released from incarceration defeats any claim for habeas relief, which by definition requires the petitioner to be in custody. *See Gilles v. Davis*, 427 F.3d 197, 217 (3d Cir. 2005). Because Plaintiff's request to amend his complaint as to Count II is futile, leave to amend this portion will be denied.

**III.    Legal Malpractice (Counts III and IV)**

At Counts III and IV Plaintiff brings state-law claims of legal malpractice against Defendants Fannick and Anzalone, respectively. This Court dismissed Plaintiff's original claim of malpractice against Fannick due to lack of jurisdiction when it declined to exercise supplemental jurisdiction after dismissing Plaintiff's federal law claims. Because Plaintiff's amended federal claims are not futile, and thus federal causes of action remain, this Court will exercise supplemental jurisdiction over Plaintiff's state law claims.

Defendant Fannick also argues that the malpractice claim against him is futile because it fails to state a claim. In order to establish a claim for legal malpractice, Plaintiffs

9

must demonstrate three basic elements: (1) employment of the attorney or other basis for a duty; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) that such negligence was the proximate cause of damage to the plaintiff. *Kituskie v. Corbman*, 714 A.2d 1027, 1029 (1998). Plaintiff's complaint sufficiently alleges these elements by alleging that: (1) Plaintiff hired Fannick to represent him (Amend. Compl. ¶ 4); (2) Fannick negligently represented him by failing to secure a copy of the video tape when Fannick knew of its existence (Amend. Compl. ¶ 24, 26); and (3) Fannick's failure denied Plaintiff an adequate opportunity to defend himself against the criminal charges (Amend. Compl. ¶ 39.) Because Plaintiff alleges the required elements for a claim of legal malpractice, his claim against Fannick is not futile.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to amend will be granted as to Plaintiff's claims of interference with access to the courts (Count I) and claims of legal malpractice (Counts III and IV). Plaintiff's motion will be denied as to all claims arising from his criminal conviction and his request for a writ of habeas corpus (Count II).

An appropriate order will follow.

| | |
|---|---|
| <u>April 1, 2010</u><br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW KUNISKAS,<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>JOSEPH WALSH; GEORGE SKUMANICK; DEMETRIUS FANNICK; JOHN DOE 1; JOHN DOE 2; and JOHN DOE 3,<br><br>　　Defendants. | CIVIL ACTION NO. 3:09-CV-120<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this 1st day of April, 2010, **IT IS HEREBY ORDERED** that Plaintiff Andrew Kuniskas Motion to Amend (Doc. 38) is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) As to Plaintiff's claims at Count I arising from his criminal conviction, Plaintiff's Motion is **DENIED**.

(2) As to Plaintiff's request for a writ of habeas corpus at Count II, Plaintiff's Motion is **DENIED**.

(3) As to the remainder, Plaintiff's Motion is **GRANTED**.

　　　　　　　　　　　　　　　　　/s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　United States District Judge