# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW KUNISKAS | |
| Plaintiff, | CIVIL ACTION NO. 3:09-CV-120 |
| v. | (JUDGE CAPUTO) |
| JOSEPH WALSH; GEORGE SKUMANICK; DEMETRIUS FANNICK; JAMIE ANZALONE; TOM KERRIGAN; JOHN DOE #1; JOHN DOE #2; JOHN DOE #3; and COUNTY OF WYOMING, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court are Defendants Jamie Anzalone's and Tom Kerrigan's Motion to Dismiss Plaintiff Andrew Kuniskas's Amended Complaint (Doc. 52) and Motion for Judgment on Professional Liability Claims (Doc. 65), Defendant Demetrius Fannick's Motion for Partial Dismissal of Plaintiff's Amended Complaint (Doc. 53), and Defendants County of Wyoming and George Skumanick's Motion for Judgment on the Pleadings (Doc. 55). For the reasons stated below, the Motions will all be granted.

## BACKGROUND

The facts alleged in Plaintiff's Complaint are as follows:

The Plaintiff in this action is Andrew Kuniskas ("Plaintiff"). Defendant Joseph Walsh ("Walsh") was at all relevant times a Corporal with the Pennsylvania State Police. Defendant George Skumanick ("Skumanick") was at all relevant times the District Attorney for Wyoming County, Pennsylvania. Mr. Skumanick was the lead prosecutor in the relevant criminal case against Plaintiff. Defendant Demetrius Fannick ("Fannick") was at all relevant

times a criminal defense attorney representing Plaintiff in the relevant criminal proceedings. Defendant Jamie Anzalone ("Anzalone") was at all relevant times an attorney retained by Plaintiff to represent him in a civil case arising out of these events. Defendant Tom Kerrigan ("Kerrigan") was at all relevant times a paralegal or investigator for Anzalone, and is also a former Pennsylvania State Trooper. The unnamed "John Doe" defendants served either as officers of the Pennsylvania State Police or as employees of Wyoming County during the time period relevant to this case. Defendant County of Wyoming is a political subdivision of the Commonwealth of Pennsylvania. On or around May 21, 2006, Plaintiff was operating his four wheel all-terrain vehicle on the roads of the Commonwealth of Pennsylvania. Defendant Walsh, operating a Pennsylvania State Police patrol car, pursued Plaintiff for suspected traffic violations. During that pursuit, Plaintiff was "run over" by Walsh, sustaining personal injuries as a result. A video recorder installed in Walsh's vehicle recorded the entire pursuit. The video tape was turned over to prosecutors. Plaintiff was charged with a "bevy of offenses" as a result of this incident. Plaintiff pled guilty to some of the charges against him. Plaintiff served a term of imprisonment for these offenses, and has since been released. The video recording "would have conclusively shown that Defendant Walsh had committed an illegal pit maneuver and had effectively committed a criminal assault on Plaintiff." Plaintiff repeatedly requested Fannick to secure the video recording, but was told that no recordings existed. Defendants Anzalone and Kerrigan should have been aware that the videotape was available and could have been secured. The video tape was destroyed within days after Plaintiff was sentenced. The John Doe Defendants and Skumanick were also involved in the concealment and destruction of the videotape. All Defendants were aware of Plaintiff's intention to seek civil remedies as a

result of this incident. The Defendants conspired to conceal the existence of the video tape of the May 21, 2006, incident in order to defeat Plaintiff's civil and criminal cases. Defendant Kerrigan was also motivated, as an ex-Trooper, to protect the Pennsylvania State Police from criminal and civil penalties for their actions.

On January 20, 2009, Plaintiff filed the present action in the United States District Court for the Middle District of Pennsylvania. (Doc. 1.) On January 19, 2010, this Court granted the Defendants' motions to dismiss Plaintiff's Complaint. Plaintiff filed the a Motion to File an Amended Complaint on February 9, 2010. That Motion was granted in part and denied in part on April 1, 2010. (Doc. 42.) Plaintiff filed his Amended Complaint on November 9, 2010. (Doc. 68.) Plaintiff's Amended Complaint contains claims for violations of his First and Fourteenth Amendment rights (Count I) and professional negligence against Defendants Fannick, and Anzalone (Counts II and III). Defendants have filed Motions to Dismiss Plaintiff's Complaint (Doc. 52 and 53), a Motion for Judgment on the Pleadings (Doc. 55.), and a Motion for Judgment on the Professional Liability Claim (Doc. 65.) The motions have been briefed and are ripe for review.

## LEGAL STANDARD

I. **Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its

face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30

4

(3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## II.     Motion for Judgment on the Pleadings

Under Rule 12(c) of the Federal Rules of Civil Procedure, after the pleadings are closed, any party may move for judgment on the pleadings. A Rule 12(c) motion is designed to provide a means for disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice. *See* CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367. A court should only grant a motion for judgment on the pleadings if it is clear that the merits of the controversy can be fully and fairly decided in this summary manner. *See id.* at § 1369.

In deciding a motion for judgment on the pleadings, a court must consider the facts alleged in the pleadings and the inferences drawn from these facts in the light most favorable to the nonmoving party. *See Oxford Assocs. v. Waste Sys. Auth. of E. Montgomery County,* 271 F.3d 140, 144-45 (3d Cir. 2001); *McCoy v. Southeastern Pa.*

*Transp. Auth.,* No. 01-5881, 2002 WL 376913 at *1 (E.D. Pa. 2002).  The motion may only be granted if there are no factual allegations in the pleadings which, if proven, would allow the nonmoving party to recover.  *See Oxford Assocs.,* 271 F.3d at 144-45; *McCoy,* 2002 WL 376913 at *1.

## DISCUSSION

**I.  Defendants Anzalone's and Kerrigan's Motion to Dismiss (Docs. 52 and 65)**

**A.  The § 1983 Claims (Count I)**

Plaintiffs' First and Fourteenth Amendment claims brought under § 1983 against Defendants Anzalone and Kerrigan will be dismissed because the Defendants were not acting under state law for purposes of § 1983 in Plaintiff's civil suit.

42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ..

To establish a claim under § 1983, Plaintiff must show that the Defendants "1) were state actors who 2) violated his rights under the Constitution or federal law." *Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 169-70 (3d Cir. 2004) (internal citation omitted). Although private individuals are normally not considered to be "state actors" for purposes of § 1983, "a private party may be liable under § 1983 when (1) the party *actually participates* with state officials in an activity which is constitutionally prohibited, or (2) the private party *conspires* with state officials to violate the Constitution." *Smith v. Wambaugh*,

29 F. Supp. 2d 222, 227 (M.D. Pa. 1998) (emphasis added).

Here, Plaintiff has not pled any facts to make out a claim that the Defendants either actually participated in a constitutionally prohibited activity with state officials, or conspired with them to violate the Constitution. Other than using the word "conspired" once and alluding to Defendant Kerrigan's possible bias in favor of the Pennsylvania State Police as a former Trooper, Plaintiff makes no allegations as to the existence, time frame, or object of any type of conspiracy to deprive him of his constitutional rights. The bare allegation of a conspiracy is particularly counter-intuitive with respect to Defendants Anzalone and his paralegal\investigator Kerrigan since they were Plaintiff's legal team in the civil suit, and would therefore have had a stake in uncovering the videotape in question. Since Plaintiff has failed to allege any facts that Defendants were "state actors" for purposes of § 1983, this claim will be dropped as to Defendants Anzalone and Kerrigan. This claim will also be dismissed as to Defendant Fannick, for the same reasons.

### B. The Professional Malpractice Claim (Count III)

Plaintiff's Professional Malpractice Claim against Defendant Anzalone will also be dismissed because Plaintiff has failed to adequately plead all the necessary elements for such a claim under Pennsylvania law.

In order to establish a claim of legal malpractice, a plaintiff/aggrieved client must demonstrate three basic elements: 1) employment of the attorney or other basis for a duty; 2) the failure of the attorney to exercise ordinary skill and knowledge; and 3) that such negligence was the proximate cause of damage to the plaintiff. *Kituskie v. Corban*, 522 Pa. 275, 281 (1998) (citing *Rizzo v. Haines*, 520 Pa. 484, 499 (1989)).

Here, while it is established that Defendant Anzalone was Plaintiff's lawyer in Plaintiff's civil suit, there are no concrete claims in the Amended Complaint as to how Mr. Anzalone failed to exercise ordinary skill and knowledge in his representation of the Plaintiff. Furthermore, the crux of Plaintiff's claims against Defendant Anzalone seems to be the latter's failure to secure a copy of the dashboard camera's recording of the incident. Taking judicial notice of the opinion issued in Plaintiff's suit against the state police for negligence, *Kuniskas v. Commw. of Pa.*, 977 A.2d 602, which is allowed under *Cross Overseas Agencies, Inc v. Wah Kwong Shipping Group Ltd*., 181 F. 3d 410, 426-27 (3d Cir. 1999), the Court notes that the basis of the state court's granting of summary judgment in favor of the state police was that police officers owe no duty of care to a fleeing driver, *not* that Plaintiff had failed to meet an evidentiary burden the lost tape would have furnished. *Kuniskas*, 977 A.2d at 605. As a result, Plaintiff has further failed to establish that Defendant Anzalone's alleged negligence was the proximate cause of damage to the Plaintiff. Similarly with respect to Plaintiff's professional malpractice claim against Defendant Fannick, Plaintiff has failed to allege any facts as to how specifically Defendant Fannick breached his duty of professional care to the Plaintiff or how that failure was the proximate cause of damage to the Plaintiff. Therefore, Plaintiff's professional liability claim will be dismissed as to Defendant Fannick as well.

Finally, it should be noted that Plaintiff failed to file a certificate of merit within sixty (60) days of having filed his Complaint, which is required under Pa. R. Civ. Pro. 1042.3(a) in any action based on a claim of professional liability. This failure itself provides a sufficient basis for the dismissal of Counts II and III of Plaintiff's Amended Complaint.

8

## II. Defendants George Skumanick's and County of Wyoming's Motion for Judgment on the Pleadings (Doc. 55)

Defendants George Skumanick's and County of Wyomings' Motion for Judgment on the Pleadings will be granted because Mr. Skumanick, as District Attorney, has absolute prosecutorial immunity.

Prosecuting attorneys enjoy absolute prosecutorial immunity from liability under § 1983 for actions in initiating prosecution and presenting the state's case, insofar as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Henderson v. Fisher*, 631 F.2d 1115 (3d Cir.1980); *Esteves v. Brock*, 106 F.3d 674 (5th Cir.1997); *Hill v. City of New York*, 45 F.3d 653 (2d Cir.1995) (prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with prosecutor's function as advocate). However, the United States Supreme Court has adopted a "functional approach" to determining the applicability of absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). Under this analysis, "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." *Id.* at 273.

Here, Plaintiff's claims against Mr. Skumanick solely address the judicial phase of Plaintiff's criminal case. As a result, Mr. Skumanick's decisions regarding what charges to bring, what evidence to turn over, etc. are entitled to absolute prosecutorial immunity. As a result, Plaintiff's claims against Mr. Skumanick and the County of Wyoming will be

dismissed.

## **CONCLUSION**

For the reasons stated above, Defendants Jamie Anzalone's and Tom Kerrigan's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 52) and Motion for Judgment on Professional Liability Claims (Doc. 65), Defendant Demetrius Fannick's Motion for Partial Dismissal of Plaintiff's Amended Complaint (Doc. 53), and Defendants County of Wyoming and George Skumanick's Motion for Judgment on the Pleadings (Doc. 55) will be granted.

An appropriate order follows.

| | |
|---|---|
| 3/8/11 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW KUNISKAS | |
| Plaintiff, | CIVIL ACTION NO. 3:09-CV-120 |
| v. | (JUDGE CAPUTO) |
| JOSEPH WALSH; GEORGE SKUMANICK; DEMETRIUS FANNICK; JAMIE ANZALONE; TOM KERRIGAN; JOHN DOE #1; JOHN DOE #2; JOHN DOE #3; and COUNTY OF WYOMING, | |
| Defendants. | |

## ORDER

**NOW**, this ___8th___ day of March, 2011, **IT IS HEREBY ORDERED:**

1) Defendants Jamie Anzalone's and Tom Kerrigan's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 52) and Motion for Judgment on Professional Liability Claims (Doc. 65) is **GRANTED**.

2) Defendant Demetrius Fannick's Motion for Partial Dismissal of Plaintiff's Amended Complaint (Doc. 53) is **GRANTED**.

3) Defendants County of Wyoming and George Skumanick's Motion for Judgment on the Pleadings (Doc. 55) is **GRANTED**.

4) The Clerk of Court is directed to mark the case as **CLOSED**.

.

                /s/ A. Richard Caputo
                A. Richard Caputo
                United States District Judge